19 CV 01271

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT G. LOPEZ, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **FOOT LOCKER STORES, INC.,** ) | **JURY TRIAL DEMANDED** |
| **AKAMAI TECHNOLOGIES, INC.** ) | |
| **GRAND CUTTERS BARBER SHOP,** ) | |
| **INC., and** ) | |
| **SNEAK EZ, LLC** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION, BREACH OF CONTRACT AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Foot Locker Stores, Inc. ("Footlocker"), Akamai Technologies, Inc. (Akamai), Grand Cutters Barber Shop, Inc. ("Grand Cutters") and Sneak EZ, LLC as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, **LOWER EAST SIDE™** and **LES NYC®**, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademark **LOWER EAST SIDE™** and **LES NYC®** and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by promoting, advertising, selling, and offering for sale clothing items including and under Plaintiff's trademarks.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection

between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademarks.

2.      Despite Plaintiff commencing and there after settling an earlier trademark infringement/unfair competition action against Defendant's Foot Locker and Akamai over using Plaintiff's LOWER EAST SIDE™ trademark, those two Defendants have willfully infringed Plaintiff's trademarks by promoting, advertising, selling and offering for sale clothing using Plaintiff's trademarks in breach of the Settlement Agreement and Release regarding Plaintiff's LOWER EAST SIDE™ and LES NYC® trademarks.

3.      Plaintiff has already suffered damages as a result of Defendant Foot Locker's deceptive and fraudulent representations as well as its breach of contract and has also experienced several instances of "actual confusion" in connection with Defendant Foot Locker's infringement of his LOWER EAST SIDE™ and LES NYC® trademarks and is likely to continue to experience confusion as to the affiliation or connection between the Defendant Foot Locker and Plaintiff resulting in the unjust enrichment of Defendant Foot Locker by using Plaintiff's LOWER EAST SIDE™ and/or LES NYC™ trademarks.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), and 28 U.S.C. §1367.

5.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and

because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

7.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

8.      Upon information and belief, Defendant Foot Locker Stores, Inc. is a Delaware corporation with a principal place of business at 330 W 34th Street, New York, New York 10001.

9.      Upon information and belief, Defendant Akamai Technologies, Inc. is a Delaware corporation with a principal place of business at 150 Broadway, Cambridge, Massachusetts 02142.

10.      Upon information and belief, Defendant Grand Cutters Barber Shop, Inc., is a New York corporation with a principal place of business at 395 Grand Street, New York, New York 10002.

11.      Upon information and belief, Defendant Sneak EZ, LLC is a New York Limited Liability Company with a principal place of business at 440 E. 9th Street, New York, New York 10009.

## FACTS

12.      Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LOWER EAST SIDE™** and **LES NYC®** brand names.

13.      Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-

shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LOWER EAST SIDE™**, **LES™** and **LES NYC®**.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents.







14.     In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **THE LOWER™**, **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

15.     Plaintiff uses the ®, ™ and © symbols on product packaging materials, hang tags, and on promotional materials such as flyers, banners, business cards, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LOWER EAST SIDE™** and **LES NYC®** brand names. Plaintiff also uses the aforementioned copyright symbol to also put the public on constructive notice that he is claiming copyright in some of the specific **LOWER EAST SIDE™** and **LES NYC®** stylized designs that are released, sold and offered for sale by Plaintiff and his **LES CLOTHING CO.™** business











16.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through social media promotions including but not limited to Instagram and Facebook, and his t-shirts, sweaters caps and other clothing items are also available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002.










17.     Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.

18.     Plaintiff has a social media following of over twenty thousand 20,000 combined followers for his **LOWER EAST SIDE™** and **LES NYC®** clothing products and with his sponsored and/or affiliated social media friends and followers each individual post and product offering reaches an audience in the range of a hundred thousand 100,000 social media users and potential consumers of his clothing products.








19.     The **LOWER EAST SIDE™** and **LES NYC®** brands and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long-standing use of the mark in the apparel industry for nearly twenty (20) years.

20.     When consumers of clothing products encounter the **LOWER EAST SIDE™** and **LES NYC®** marks in connection with apparel, they associate the **LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and his **LES CLOTHING CO.™** company.

21.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing products enjoys a superlative reputation in the apparel industry.

22.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman and Curtis "50 CENT" Jackson.

23.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW**, and **VH1's LOVE & HIP HOP** television shows.

24.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

25.     Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business.

26.     Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof.

27.     Plaintiff licenses the **LOWER EAST SIDE™** and **LES NYC®** marks and his copyrighted **LOWER EAST SIDE©** designs to third party clothing companies to be used on clothing goods under his direct control and authorization.

28.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  **(See Exhibit A).**

29.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**.  **(See Exhibit B)**.

30.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-765-666 for the work under the title L.E.S. Cap.  **(See Exhibit C)**.

31.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the work under the title 537 design (**"the 537 numbers turned upside down spell LES™)**.  (**See Exhibit D**).

32.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "L Hand" Design which L design is a representation for **LES™** and **LOWER EAST SIDE™**.  (**See Exhibit E**).

33.     The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years.  (**See Exhibit F**).

34.     Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

35.     By virtue of his Co-Existence Agreement with Payless Shoesource Worldwide, Inc. regarding use of the **LOWER EAST SIDE®** mark, Plaintiff claims joint ownership in United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** and has standing to bring this trademark infringement action under all applicable federal laws and statutes.

36.     Although Plaintiff has been using his **LOWER EAST SIDE™** and **LES NYC®** marks since at least 1997, in 2007, Plaintiff took the necessary precautions in protecting his business assets and began building a portfolio of various trademark and copyrights assets to

protect the brand names, designs and images that he offers under his **LES CLOTHING CO.™** apparel business.

37.     As a small business owner, Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets against clothing retailers and ecommerce entities that manufacture, print, advertise, promote, sell and/or offer for sale clothing and similar items that violate Plaintiff's trademarks and/or copyrighted designs.

38.     Defendant Foot Locker Stores, Inc. is a leading retailer of footwear and clothing.

39.     Defendant Foot Locker owns, operates and manages a fashion boutique under the name SIX:02 that promotes, advertises, sells and offers clothing products under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

40.     Defendant Foot Locker's Six:02 clothing boutique operates and e-commerce store and more than 30 retail locations nationwide.

41.     Defendant Foot Locker is promoting, advertising, selling and offering for sale clothing items under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks via its www.six02.com website and at its retail boutiques in violation of the Settlement Agreement and Release it entered into with Plaintiff dated March 13, 2018, which states in the "**TERMS OF SETTLEMENT,**"

> "**1.   Foot Locker will not sell any clothing products in the United States bearing the trademarks LES NYC or LOWER EAST SIDE, will not use the trademark LES NYC or LOWER EAST SIDE in connection with the promotion, advertising or sale of clothing in the United States.**"

42.    In Plaintiff's previous trademark dispute with Defendant Foot Locker, Plaintiff received a February 28, 2018 email communication from Foot Locker's legal representatives that specifically stated in pertinent part:

> **I have spoken with my client with respect to your claims and settlement proposal.  Foot Locker…as a sign of good faith in an attempt to satisfy your concerns, the complained of product pictured in Exhibit V of your Third Amended Complaint in the above referenced matter has been removed from sale, and Foot Locker is willing to agree not to sell the shirt in the future."**

43.    Despite the above representations by Defendant Foot Locker to not use Plaintiff's trademarks in connection with the promotion, advertising or sale of clothing products, and that it would agree not to sell the t-shirt that was the subject of the previous dispute in the future, as recent as February 5, 2019, Defendant Foot Locker is still offering the t-shirt for sale.  **(See Exhibit G).**

44.    Defendant Foot Locker is also advertising its clothing products under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks via third party online clothing retailers via the website www.lyst.com.

45.    Upon information and belief, Defendant Foot Locker is also utilizing Plaintiff's **LOWER EAST SIDE™** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.six02.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.  The aforementioned use of Plaintiff's trademark by Foot Locker are a "use in commerce" of Plaintiff's brand name.

46.    Upon information and belief, Defendant Foot Locker is also bidding and purchasing adwords under Plaintiff's **LOWER EAST SIDE™** trademark that is directing

consumers looking for Plaintiff's clothing to the www.six02.com website to purchase its clothing products instead of Plaintiff's clothing items under the **LOWER EAST SIDE™, LES™** or **LES NYC®** marks.   The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Foot Locker is a "use in commerce" of Plaintiff's brand name for a profit.

47.   Defendant Foot Locker's use of Plaintiff's trademarks is not a fair use as Foot Locker is using the marks for commercial business purposes and for a profit.

48.   Defendant Foot Locker's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

49.   Upon information and belief, Defendant Foot Locker Stores, Inc. operates two of its SIX:02 clothing boutiques in New York County that promote and offer for sale clothing items under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks.

50.   Defendant Foot Locker Stores Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

51.   Defendant Foot Locker had knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademarks.

52.   Defendant Foot Locker's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.six02.com website.

53.     Defendant Foot Locker acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

54.     Defendant Akamai Technologies, Inc. is a major web hosting company that provides web hosting services under its control and direction and is providing hosting, and online retail store services to Defendant Foot Locker Stores, Inc. for its website www.six02.com which provides the platform and ability to purchase clothing items that infringe Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks.

55.     Plaintiff provided Akamai Technologies with an Infringement Notice but it failed to act expeditiously in removing the infringing content as requested by Plaintiff.

56.     Plaintiff Akamai Technologies is inducing the infringement of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks by continuing to provide online and hosting services to Defendant Foot Locker Stores, Inc. that it knows to be engaged in infringing activities against my trademarks.

57.     Defendant Akamai Technologies has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks on the www.six02.com website.

58.     Defendant Akamai's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is hosting from the www.six02.com website infringes my trademarks.

59.     Defendant Akamai acted in bad faith in using Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** marks.

60.     Defendant Grand Cutters operates a Barber Shop at 395 Grand Street, New York, NY that is selling headwear under Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** trademarks.

61.     Plaintiff is informed and believes and thereon alleges that Defendant Grand Cutters is manufacturing, marketing, promoting, selling and offering for a sale a cap bearing Plaintiff's **LOWER EAST SIDE™** and LES NYC® marks via its retail location at 395 Grand Street. **(See Exhibit H).**

62.     Defendant Grand Cutters's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

63.     Defendant Grand Cutters's continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

64.     Defendant Grand Cutters's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

65.     Upon information and belief, Defendant Grand Cutters is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

66.     Defendant Grand Cutters's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its retail store location.

67.     Defendant Grand Cutters has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

68.     Defendant Sneak EZ is a retailer of apparel products and has a flagship retail store located at 440 East 9th Street, New York, New York 10009, not far from where Plaintiff's LES Clothing Co. store was located from 2012 to 2015.

69.     Plaintiff is informed and believes and thereon alleges that Defendant Sneak EZ is manufacturing, marketing, promoting, selling and offering for sale t-shirts, jackets, headwear and other clothing items bearing Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks at its flagship retail store which violate Plaintiff's trademark rights in the aforementioned marks. **(See Exhibit I).**

70.     In addition to Defendant Sneak EZ using Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks directly printed on various clothing items including t-shirts, it also uses Plaintiff's aforementioned trademarks in its private labeling and sewn tags on its clothing products in a trademark brand sense and as a source indicator.

 

71.     Defendant Sneak EZ's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

72.     Defendant Sneak EZ's continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

73.     Defendant Sneak EZ's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

74.     Defendant Sneak EZ is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

75.     Defendant Sneak EZ's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its flagship retail store.

76.     Defendant Sneak EZ has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)**

77.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 76 of this Complaint.

78.     The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)**

79.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 78 of this Complaint.

20

80.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®** and **LOWER EAST SIDE™** marks.

81.     Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

82.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

83.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

84.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 83 of this Complaint.

85.     Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

86.     Defendants unauthorized use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

87.    By reason of the foregoing, Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants have become unjustly enriched by such acts of infringement.

88.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

89.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 87 of this Complaint.

90.    Defendants has\ve unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks.

91.    Defendant's actions constitute unjust enrichment.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against Foot Locker)

92.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 91 of this Complaint.

93.    Defendants' entered into a legally binding Settlement Agreement & Release with Plaintiff dated March 13, 2018.

94.    Defendants' have violated the terms of the Settlement Agreement & Release by promoting, advertising, selling and offering for sale a t-shirt under my **LOWER EAST SIDE™** trademark after the date of execution of the agreement.

95.     Plaintiff has suffered damages and additional instances of "actual confusion" in relation to his **LOWER EAST SIDE™** as a result of Defendants' breach of contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™**, **LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.     That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.     That Plaintiff be awarded punitive damages.

5.     That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendants acts of willful infringement.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.


Dated: February 9, 2019                    Respectfully submitted,
       New York, New York                  Robert G. Lopez – Pro Se


                                           Robert G. Lopez
                                           Pro Se Plaintiff
                                           230 Clinton Street – Apt. #11C
                                           New York, New York 10002
                                           (917) 868-1698

# EXHIBIT A

# New York State Department of State
# Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R31067 | **Registration Date:** | 06/06/07 |

**Applicant:** ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK        NY    10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**        25

**Date First Used in NYS:**    12/1999        **Date First Used Anywhere**    12/1999

**Trademark Description:**
LOWER EAST SIDE

The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.

**Description of Goods:**    Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from
the USPTO.

**WITNESS** *my hand and the seal of the State of New York In
the City of Albany on this:*

*Thursday, August 16, 2007*

*by:*



*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:**   R32849   **Registration Date:**   08/09/16

**Applicant:**   ROBERT G. LOPEZ
230 CLINTON ST. - APT. 11C
NEW YORK   NY   10002-

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**   25

**Date First Used in NYS:**   12/01/1999   **Date First Used Anywhere:**   12/01/1999

**Trademark Description:**
The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.

**Description of Goods:**   Clothing, namely; t-shirts, sweaters, shorts and headwear.

**WITNESS** *my hand and the seal of the State of New York in
the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

**Executive Deputy Secretary of State**

**DOS-690 (Rev. 8/13)**

**EXHIBIT B**

# United States of America
### United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**

**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

**EXHIBIT C**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-765-666

**Effective date of
registration:**

January 20, 2011

## Title

Title of Work: L.E.S. Cap

## Completion/Publication

Year of Completion: 2011

Date of 1st Publication: January 20, 2011     Nation of 1st Publication: United States

## Author

■          Author: Robert G. Lopez

Author Created: photograph(s)

Work made for hire: No

Citizen of: United States     Domiciled in: United States

Year Born: 1976

## Copyright claimant

Copyright Claimant: Robert G. Lopez

230 Clinton Street, New York, NY, 10002, United States

## Certification

Name: Robert G. Lopez

Date: January 20, 2011

Correspondence: Yes

**EXHIBIT D**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-775-922**

**Effective date of
registration:**

June 1, 2011

## Title

Title of Work: 537 Design

## Completion/Publication

Year of Completion: 2010

Date of 1st Publication: December 15, 2010          Nation of 1st Publication: United States

## Author

■          Author: Thomas Riley

Author Created: 2-D artwork

Work made for hire: Yes

Citizen of: United States          Domiciled in: United States

## Copyright claimant

Copyright Claimant: Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

Transfer Statement: By written agreement

## Certification

Name: Robert G. Lopez

Date: June 1, 2011

**EXHIBIT E**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-818-626

**Effective date of registration:**

April 21, 2012

---

## Title

**Title of Work:** "L Hand" Design

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 19, 2012     **Nation of 1st Publication:** United States

## Author

■     **Author:** Robert G Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States     **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez

**Date:** April 21, 2012

**EXHIBIT F**



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ]  OR  Jump  to record: [        ]  **Record 26 out of 29**

TSDR  Assign Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| **Word Mark** | LOWER EAST SIDE |
| **Goods and Services** | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75652553 |
| **Filing Date** | March 3, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 30, 1999 |
| **Registration Number** | 2416437 |
| **International Registration Number** | 1220106 |
| **Registration Date** | December 26, 2000 |
| **Owner** | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | ROBERT CARROLL |
| **Prior Registrations** | 1795922 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| **Renewal** | 1ST RENEWAL 20110108 |

# EXHIBIT G

Home  >  Reflex Lower East Side T-shirt - Women's



# Reflex Lower East Side T-shirt

Women's

★★★★★   <u>Write a review</u>



Black | Shaniece Hairston by Reflex

**$50.00**                                      Size Chart

| XS | S | L |

ADD TO CART

Free Shipping  🛈

Det    Size
       &
       Fit

Feedback

Product #: 800070

Designed by Shaniece Hairston, this distressed tee from the Sha by Reflex Collection pays homage to the Lower East Side in Manhattan. Born in the Bronx, and now living in Los Angeles, Hairston created a collection that intertwines the two cities. Inspired by NYC after the sun sets, the LES t-shirt features the perfect amount of distressed detail, a belly-baring fit, and sultry style.

• 15" center back length.

Case 1:19-cv-01271-PGG   Document 1   Filed 02/11/19   Page 40 of 45

• 60% cotton/40% polyester jersey. Imported.

REVIEWS

★★★★★
Be the first to review this product

Feedback

# EXHIBIT H





**EXHIBIT I**



**sneakezshop**
Sneak Ez

