UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ,

                    Plaintiff,

          -   against -

FOOT LOCKER STORES, INC., AKAMAI
TECHNOLOGIES, INC., GRAND CUTTERS
BARBER SHOP, INC., SNEAK EZ, LTD.,
NAKAZONO-SAEKI LLC, SHOPTIQUES,
INC., NEED SUPPLY COMPANY, LLC,
ADORN FASHIONS, INC., NORDSTROM,
INC., HOOD HAT, LLC, CBS SPORTS,
INC., KEEN, INC., AND L.L. BEAN, INC.,

                    Defendants.

**<u>ORDER</u>**

19 Civ. 1271 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

          <u>Pro se</u> Plaintiff Robert G. Lopez brings claims of trademark infringement, unfair

competition, breach of contract, and related claims concerning Plaintiff's ownership of

trademarks "LOWER EAST SIDE" and "LES NYC."  (Cmplt. (Dkt. No. 1)

          Pursuant to stipulations of voluntary dismissal submitted between May and July

2019, this Court has dismissed Plaintiff's claims against Defendants Foot Locker Stores, Inc.,

Akamai Technologies, Inc., Hood Hat, Inc., Keen, Inc., L.L. Bean, Inc., Grand Cutters Barber

Shop, Inc., Nordstrom, and CBS Sports, Inc.  (Dkt. Nos. 15, 25-26, 44-45, 48-50, 55-56)

          In a July 3, 2019 order, this Court directed Plaintiff to move for a default

judgment against Defendants Speak EZ, LLC, Nakazono-Saeki LLC, and Shoptiques, Inc. – who

have been served (<u>see</u> Dkt. Nos. 9-10, 14) but who have not appeared in this action – by August

7, 2019, and warned Plaintiff that if he did not so move, the Court might dismiss his claims

against these Defendants for failure to prosecute.  (Dkt. No. 52)  The Court also directed Plaintiff to serve Defendant Need Supply Company by August 7, 2019, and warned Plaintiff that if service was not effected on Need Supply Company by that date, the Court would dismiss Plaintiff's action against Need Supply Company for failure to prosecute.  (Id.)  Defendant did not move for a default judgment as to Defendants Speak EZ, LLC, Nakazono-Saeki LLC, and Shoptiques, Inc. by August 7, 2019, nor did he file proof of service on Defendant Need Supply Company.

In a September 19, 2019 order, this Court again directed Plaintiff to move for a default judgment against Defendants Speak EZ, LLC, Nakazono-Saeki LLC, and Shoptiques, Inc., and set a deadline of October 11, 2019.  The Court warned Plaintiff that if he did not comply with the Court's order, the Court might dismiss his claims against these Defendants for failure to prosecute.  (Dkt. No. 57)  The Court further ordered Plaintiff to serve Defendant Need Supply Company by October 4, 2019.  The Court warned that if Plaintiff did not so serve Need Supply Company by that date, the Court would dismiss Plaintiff's claims against Need Supply Company for failure to prosecute.  (Id.)[1]

All the court mail sent to the address provided by Plaintiff has been marked "return to sender," including the order scheduling an initial pretrial conference (Dkt. No. 35) and a copy of the September 19, 2019 order, which the Clerk of Court sent to Plaintiff soon after they were issued.  Plaintiff has never updated his address.

District courts may dismiss actions for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

---

[1]  Defendant Adorn Fashions, Inc. has filed for bankruptcy protection.  (Dkt. No. 27)

2

In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate.  See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).  Dismissal is a "harsh remedy to be utilized only in extreme situations."  Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).  However, dismissal for failure to prosecute is generally proper where the plaintiff has failed to maintain a current address with the court.  See Laney, 2011 WL 6594491, at *1 ("[A] case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute.").

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases) (internal quotations omitted).

As to the first factor, Plaintiff has not filed anything on the docket since July 24, 2019, Dkt. No. 55, and has not obeyed orders issued by this Court in July and September 2019. Plaintiff has never updated his address.  "A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'"  Salem, 2017 WL 6021646, at *2 (citing Peters-Turnball v. Bd. of Educ. of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999); Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. Jan. 4, 2013) (dismissing a case under Rule 41(b) for failure to prosecute where three months had elapsed after a payment of a filing fee deadline, which was extended for the pro se plaintiff); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) ("The case will be dismissed for failure to prosecute. Seven months have elapsed since the filing of the defendant's motion to dismiss.")).

3

As to the second factor, although Plaintiff did not receive this Court's July and September 2019 orders warning him that his remaining claims might be dismissed for failure to prosecute, this was due to his failure to update his address.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court has repeatedly attempted to protect Plaintiff's right to due process by warning him that a failure to obey the Court's orders would result in dismissal.

As to the fifth factor, dismissal of Plaintiff's claims against the remaining Defendants is the appropriate sanction. "[B]ecause the plaintiff has failed to file a current address with the Court, there is no lesser sanction [besides dismissal] which could be effective." Laney v. Ramirez, No. 10 Civ. 9063(JGK), 2011 WL 6594491, at *1; see also Baker v. Smartwood, No. 9:00-cv-1189 (GTS/GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008). "Lesser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address." Salem, 2017 WL 6021646, at *3.

Having weighed the five factors set forth in Salem, this Court concludes that Plaintiff's claims against the remaining Defendants are properly dismissed for failure to prosecute.

## **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's claims against Defendants Speak EZ, LLC, Nakazono-Saeki LLC, Shoptiques, Inc., Need Supply Company, LLC, and Adorn Fashions, Inc. are dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to terminate any pending motions and to close this case.  Chambers will send a copy of the order to <u>pro</u> <u>se</u> Plaintiff.

Dated: New York, New York
       July 4, 2020

SO ORDERED.

_____

Paul G. Gardephe
United States District Judge

5